**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **GD GROUP, INC.**<br>**DBA LA QUINTA INN & SUITES,**<br>***Plaintiff,*** | § | |
| **VS.** | § | **Civil Action No. 5:23-cv-00908-OLG** |
| **TRI-STATE INSURANCE**<br>**COMPANY OF MINNESOTA,**<br>***Defendant.*** | § | |

**DEFENDANT TRI-STATE INSURANCE COMPANY OF MINNESOTA'S 12(b)(6) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Tri-State Insurance Company of Minnesota ("Tri-State") files this motion seeking dismissal of Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff, GD Group, Inc. dba La Quinta Inn & Suites, has failed to state a claim upon which relief can be granted against Tri-State.

## I. CASE BACKGROUND AND PROCEDURAL HISTORY

Plaintiff sued Tri-State for breach of contract, violations of Sections 541 and 542 of the Texas Insurance Code, breach of the common law duty of good faith and fair dealing, and fraud arising out of a claim Plaintiff submitted to Tri-State for losses resulting from damage to its property, which was insured under a Tri-State issued insurance policy. *See* Doc 1-6 (Plaintiff's First Amended Complaint). Plaintiff filed suit in 456th Judicial District Court of Guadalupe County, Texas. Plaintiff also originally named an incorrect party, Union Standard Insurance

Company ("USIC") as the defendant in this case. Pursuant to an agreement between the parties, Plaintiff filed a First Amended Complaint deleting USIC as a party, and naming Tri-State as the proper defendant on July 17, 2023. Tri-State removed the case to this Court on July 20, 2023.

## II. ARGUMENTS AND AUTHORITIES

A district court may dismiss a complaint that "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Plaintiff fails to state a claim against Tri-State because Plaintiff's pleading fails to sufficiently aver facts supporting all the essential elements of any cause of action.

### A. To survive a Rule 12(b)(6) Motion, the complaint must contain sufficient factual matter to state a claim.

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Abdon v. State Farm Lloyds*, 7:17-CV-00006, 2017 WL 3535441, at *2 (S.D. Tex. Aug. 17, 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A plaintiff must prove the plausibility of his claim with case-specific facts, not mere conclusions: "A pleading that offers labels and conclusions or a formulaic recitation of the elements of the cause of action will not do." *Cavazos v. Sussex Ins. Co.*, 7:16-CV-00576, 2016 WL 6471139, at *1 (S.D. Tex. Nov. 2, 2016); *see also Abdon*, 2017 WL 3535441, at *4. An allegation is conclusory when it expresses "a factual inference without stating the underlying facts on which the inference is based." *Merritt Hawkins & Assocs., LLC v. Gresham*, 948 F. Supp. 2d 671, 675 (N.D. Tex. 2013) (quoting Black's Law Dictionary (9th ed. 2009)). A complaint is insufficient if it tenders "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal citation omitted)).

Although the Court must accept as true all well-pleaded facts, it need not accept as true overt legal conclusions, or legal conclusions which have been "couched" as factual allegations. *Id.* (quoting *Iqbal*, 556 U.S. at 678).

To determine whether Plaintiff has a reasonable basis for recovery, the Court evaluates the sufficiency of the pleading under the federal pleading standard. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd*., 818 F.3d 193, 208 (5th Cir. 2016). The Court first separates legal conclusions from well-pled facts. *Iqbal*, 556 U.S. at 678-79. The Court then reviews the well-pled factual allegations, assumes they are true, and determines whether they "plausibly give rise to an entitlement of relief." *Id.* at 679.

**B. Plaintiff fails to state a claim against Tri-State upon which relief can be granted for breach of contract.**

In order to establish a reasonable basis upon which the Court may predict Plaintiff can recover against Tri-State for breach of contract, Plaintiff must allege sufficient facts to show Tri-State breached the contract. Plaintiff's conclusory assertions lack substance and do not provide factual content that would allow the Court to reasonably infer that Tri-State breached its contract with Plaintiff. Indeed, the only term of the contract Plaintiff alleges Tri-State has breached is its obligation to pay a covered loss. *See* Dkt.1-6 at ¶¶ 10, 24. However, Plaintiff alleges only in conclusory fashion that it suffered a covered loss. To prove Tri-State breached the Policy, Plaintiff must show that it suffered a loss that Tri-State was required to pay (i.e., the amount of loss exceeds the deductible, was caused by a covered cause of loss, occurred during the effective dates of coverage, etc.). *See, e.g., Guzman v. State Farm Lloyds*, No. H-18-4279, 2020 U.S. Dist. LEXIS 79603, at *20-21 (S.D. Tex. Apr. 26, 2020) ("There are two problems with Guzman's breach of contract claim as it relates to roof damage: (i) Guzman has not shown that any covered loss exceeded his insurance deductible and (ii) he has not segregated wind damage from wear and tear

damage."). Because Plaintiff fails to allege facts that would demonstrate that it suffered a covered loss such that Tri-State was obligated to make any payment to Plaintiff, Plaintiff's conclusory allegations are insufficient to support a finding Plaintiff is entitled to relief for its breach of contract claim.

The Western District has previously held that for a plaintiff to survive a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss, a plaintiff "must identify the specific provision in the contract that was breached, and cannot rely on general allegations that the defendant is in breach of an agreement." *Okeke v. Auto. Fin. Corp.*, No. A-15-CV-694-LY-ML, 2016 U.S. Dist. LEXIS 196918, at *34 (W.D. Tex. Feb. 3, 2016) (quoting *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014)). Here, Plaintiff does not identify what contract provisions were allegedly breached. In *Moore v. Allstate Texas Lloyd's*, the Fifth Circuit affirmed an appeal from the district court's judgment dismissing a plaintiff's complaint for breach of contract and extra-contractual claims. 742 F. App'x 815, 816-17 (5th Cir. 2018). The court found that Moore's complaint failed to explain "what happened or the nature of, or even the extent of, the damages his property allegedly incurred." *Id.* at 817. Moore's complaint merely stated broad factual assertions, such as there was "objective evidence of covered damages," without stating what the objective evidence was, let alone why the damage was allegedly considered covered damages under the contract. *Id.* at 818. The district court reasoned that "[Moore] did not get paid as much as he thinks he should have been paid, but he has not alleged any facts to show that [Defendant] breached a contract between them" and dismissed Moore's claims. *Id.*; *see also Howley v. Bankers Std. Ins. Co.*, 2022 U.S. App. LEXIS 5137, *5 (5th Cir. Feb. 25, 2022) ("First, the complaint fails to explain how Bankers breached the contract. The complaint, it's true, asserts that Bankers breached the contract. But it does so in conclusory fashion: 'Plaintiff submitted a valid claim for hail and

windstorm damage within the policy period and Bankers Standard Insurance Company breached the contract by denying or underpaying the claim.' Most of the complaint's remainder is even more conclusory. At most, the complaint describes the action Bankers took—it denied the claim or 'underpa[id]' it. But the complaint offers no insight into how that amounts to breach."); *Burton v. Companion Prop. & Cas. Ins. Co.*, No. W-14-CV-054, 2014 U.S. Dist. LEXIS 197416, at *7 (W.D. Tex. July 29, 2014) (dismissing plaintiff's claim for failing to plead (1) how the settlement offered by Companion was a breach of the contract, (2) what provision of the contract Plaintiff is relying upon, or (3) evidence of what constitutes a reasonable settlement; and failing to provide any evidence of an insurance policy provision that covered such claims). Just as in *Moore*, *Howley*, and *Burton*, Plaintiff fails to plead, in anything other than a conclusory fashion, that Plaintiff's loss was covered by the insurance policy or the provision(s) of the policy Tri-State allegedly violated and how Tri-State allegedly violated the policy. Instead, Plaintiff alleges in conclusory fashion that Tri-State failed to pay Plaintiff as much as Plaintiff thinks it should have been paid. Accordingly, Plaintiff fails to state a claim for breach of contract and Plaintiff's claim should be dismissed.

**C. Plaintiff fails to state a claim against Tri-State upon which relief can be granted for violation of Chapter 542 of the Texas Insurance Code.**

Plaintiff's First Amended Complaint makes generic allegations that Tri-State violated Chapter 542 of the Texas Insurance Code, stating, "[Tri-State] failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information" and "delayed the full payment of Plaintiff's claim longer than allowed" (Dkt 1-6 at ¶¶ 17-18.) To be entitled to relief under Subchapter B of Chapter 542 of the Texas Insurance Code, also known as the Prompt Payment of Claims Act, Plaintiff must show (1) the defendant is an insurer, (2) that the insurer is liable for the claim, (3) and that the insurer failed to comply with a statutory

provision. However, Plaintiff's allegations that Tri-State violated the Prompt Payment of Claims Act provide only conclusory and formulaic recitations of the statute. Plaintiff's First Amended Complaint wholly fails to allege any facts that would provide Tri-State notice of what its alleged violations are. Plaintiff does not allege the date when it submitted all items reasonably requested under Section 542.055, when Tri-State denied the claim, or any other facts or dates that would allow Tri-State or the Court to determine when any statutory period began. Without knowing these critical dates, neither Tri-State nor the Court can ascertain whether Tri-State violated Sections 542.056 or 542.058. Further, Plaintiff fails to state a claim under Sections 542.056 and 542.058 because it does not allege what items, statements, and forms Tri-State reasonably requested or when Tri-State received them. Therefore, Plaintiff failed to plead a viable cause of action under this code provision, and its claim should be dismissed. Each Texas District Court within the Fifth Circuit has held that a Plaintiff must plead the actual timeframes and/or dates relevant to the handling of the claim in this case, not just the statutory elements, especially the date that a defendant allegedly received all the information to which it is entitled to prior to rendering a claim decision. *See Cortez v. W. Mut. Ins. Co.*, No. 5:19-CV-430-OLG, 2019 U.S. Dist. LEXIS 233421, *12 (W.D. Tex. June 24, 2019) (dismissing plaintiff's case for failure to statute factual assertions concerning dates relevant to the handling of the claim); *Barrera Ochoa Corp. v. Union Indem. Ins. Co.*, No. 7:22-cv-00211, 2022 U.S. Dist. LEXIS 161056, *10 (S.D. Tex. Sep. 7, 2022) (dismissing plaintiff's Chapter 542 Prompt Payment of Claims allegations on 12(b)(6) motion for failure to specify any relevant dates); *Tracy v. Chubb Lloyds Ins. Co.*, No. 4:12-CV-042-A, 2012 U.S. Dist. LEXIS 89866 (N.D. Tex. June 28, 2012) (dismissing plaintiff's Prompt Payment of Claims allegations on 12(b)(6) motion failure to allege the essential element that Chubb received all items, statements, forms, and any requested information to which it was entitled before expiration of a

time limit for payment of the claim); and *Carr Enter. v. Acadia Ins. Co.*, No. 6:21-cv-00129, 2022 U.S. Dist. LEXIS 60814, *17 (E.D. Tex. Mar. 30, 2022) (holding "[a] plaintiff who "wholly fails to allege when he (or even that he) transmitted all items, statements, and forms" and fails to provide facts that "substantiate that Defendant has unlawfully delayed payment of an insurance claim" makes an insufficient claim). Therefore, the Court should dismiss this claim because Plaintiff provides no facts as to any of the elements of a claim for violation of the Prompt Payment of Claims Act.

**D. Plaintiff fails to plead with specificity the "who, what when where and how" of Tri-State's alleged common law fraud.**

Plaintiff" alleges common law fraud against Tri-State. *See* Dkt. 1-6 at ¶¶ 33-35, stating "each and every one of the representations, as described above [in the prior six (6) page Complaint], concerned material facts for the reason that absent such representations, Plaintiff would not have acted as Plaintiff did, and which Defendant Tri-State Insurance knew were false or made recklessly without any knowledge of their truth as a positive assertion." *Id.* Plaintiff further alleges the statements were made with the intention that Plaintiff would act upon them, and that Plaintiff acted upon the statements thereby causing Plaintiff injury. Dkt. 1-6 at ¶ 35

The elements of fraud under Texas law are: (1) Tri-State made a material representation that was false; (2) Tri-State knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) Tri-State intended to induce Plaintiff to act upon the representation; and (4) Plaintiff actually and justifiably relied upon the representation and thereby suffered injury. *See Ernst & Young, L.L.P. v. Pacific Mutual Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001); *see also Norman v. Apache Corp.*, 19 F.3d 1017, 1022 (5th Cir. 1994).

Rule 9(b) requires that the circumstances which give rise to a claim of fraud "be stated with particularity." Fed. R. Civ. P. 9(b). In order to satisfy the requirement of particularity, the

complaint must set forth the "time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby." *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994) (quoting *Tel-Phonic Services, Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) (internal quotations omitted)). Plaintiff's First Amended Complaint does not come close to meeting the heightened pleading standard of Rule 9(b). Plaintiff failed to plead the "who, what, when, where, and how" of the alleged fraud. Plaintiff does not specify the statements contended to be fraudulent, the identity of the speaker, when and where the statements were made, nor explain why the statements were fraudulent. *See Howley*, 2022 U.S. App. LEXIS 5137 at *9-10. Plaintiff's conclusory allegations are not sufficient to meet the heightened pleading standard for fraud and the fraud allegations should be dismissed.

**E. Plaintiff fails to allege facts supporting all the essential elements of a claim of Unfair Settlement Practices under Section 541 of the Texas Insurance Code.**

Plaintiff alleges Tri-State violated Texas Insurance Code Section 541.060(a)(1) by misrepresenting to Plaintiff material facts relating to the coverage under the Policy. Dkt. 1-6 at ¶ 6. Section 541.060(a)(1) makes "misrepresenting to a claimant a material fact or policy provision relation to coverage at issue" an unfair settlement practice. All of Plaintiff's conclusory allegations of alleged misrepresentations relate to whether or not Plaintiff's Property suffered a covered loss and the estimate of said loss. *See* Dkt. 1-6 at ¶¶ 10, 13, 26. The problem with Plaintiff's allegations is that the statements do not "relate[ ] to coverage at issue." *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014). Courts are clear that a plaintiff must allege a misrepresentation about the details of the insurance policy, not just that a misrepresentation was made. *SJ Auto Brokers v. Union Ins. Co.*, No. MO:19-CV-00016-DC, 2019 U.S. Dist. LEXIS 233461, at *6-7 (W.D. Tex. July 24, 2019). In *Messersmith*, the court explained that alleged

misrepresentations under Section 541.060(a)(1) must be "about the details of a policy, not the facts giving rise to a claim for coverage." 10 F. Supp. 3d at 724. Tri-State "would have had to represent that [Plaintiff] would receive a particular kind of policy that it did not receive or denied coverage against loss under specific circumstances that it previously had represented would be covered." *Id*. Here, Plaintiff's First Amended Complaint alleges misrepresentations about whether its claim was covered and the cost of repair. *See* Dkt. 1-6 at ¶¶ 10, 13, 26. As the Court stated in *Messersmith*, that is not the type of misrepresentation that Section 541.060(a)(1) protects against. *Id.* Magistrate Judge Hightower of the Western District of Texas succinctly summarized Texas law on the subject, stating:

> Under Texas law, these provisions of the Texas Insurance Code [Sections 541.051(1)(A) and (B), Section 541.060(a)(1), and Sections 541.061(1) and (2)] do not provide a cause of action based on post-loss statements regarding coverage. Courts have dismissed claims under each of these provisions for alleging misrepresentations related to the extent of damages, the cause of the damage, or repair costs, rather than the terms of the policy.

*Platinum Trophy Hunts LLC v. Phila. Indem. Ins. Co.*, 2022 U.S. Dist. LEXIS 227515 at *8-10 (W.D. Tex. Dec. 19, 2022); *see also Olschwanger v. State Farm Lloyds*, 2021 U.S. Dist. LEXIS 163786 at *27-28 (E.D. Tex. July 30, 2021), *report and recommendation adopted*, 2021 U.S. Dist. LEXIS 163238 (E.D. Tex. Aug. 30, 2021). Plaintiff must "point to an express misrepresentation or an omission relating to an insurance policy." *Id.* Because Plaintiff does not allege that a misrepresentation was made about details of the Policy and otherwise does not plead sufficient facts to show what Tri-State allegedly misrepresented about the Policy, Plaintiff fails to allege facts sufficient to support a claim under Section 541.060(a)(1) and this claim should be dismissed.

Additionally, Plaintiff's claim under Section 541.060(a)(1) is grounded in alleged misrepresentations and must therefore satisfy the heightened pleading burden of Rule 9(b), discussed above. *See Encompass Office Solutions, Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 965

(E.D. Tex. 2011) (applying Rule 9(b) to claims of misrepresentation under Sections 541.060 and 541.061); *Don Strange of Tex., Inc. v. Cincinnati Ins. Co.*, No. SA-20-CV-00898-XR, 2020 U.S. Dist. LEXIS 167455, *8 (W.D. Tex. Sep. 14, 2020) (concluding a claim under Section 541.060(a)(1) must be pled with particularity because it sounds in fraud). To satisfy Rule 9(b)'s pleading requirement as to these claims, Plaintiff must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Plaintiff does not plead the specifics of its claims of misrepresentations; it does not plead the contents of these alleged misrepresentations, who made these misrepresentations, when these misrepresentations were made, how they were made, or why they are false. Therefore, this claim must be dismissed.

Plaintiff alleges Tri-State violated Section 541.060(a)(2)(A) of the Texas Insurance Code. Dkt. 1-6 at ¶¶ 14, 27. Section 541.060(a)(2)(A) makes "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear" an unfair settlement practice. Thus, Plaintiff is required to allege facts that would establish both how Tri-State failed to effectuate a fair settlement and when Tri-State's liability was reasonably clear. *See Alexander v. State Farm Lloyds*, No. 4:12-CV-490, 2012 U.S. Dist. LEXIS 104365, at *23-24 (S.D. Tex. July 25, 2012). Here, Plaintiff has not pleaded facts to show that Tri-State's liability had become reasonably clear. "[T]his section applies to conduct that precedes the settlement of a claim." *Thomas v. State Farm Lloyds*, No. 3:15-cv-1937-B, 2015 U.S. Dist. LEXIS 150130, at *10 (N.D. Tex. Nov. 4, 2015). Additionally, the statutory language makes clear that actionable conduct must occur after "the insurer's liability has become reasonably clear." Tex. Ins. Code § 541.060(a)(2)(A)-(B). Thus, to state a claim, Plaintiff must allege facts showing Tri-State engaged in conduct after its liability was reasonably clear but before the settlement of the

claim. In this case, Plaintiff's pleading regarding the basis of its claims against Tri-State is conclusory and should be dismissed.

Plaintiff alleges Tri-State violated Section 541.060(a)(3) because Tri-State failed to explain why full compensation was not being made regarding Plaintiff's claim. Dkt. 1-6 at ¶¶ 15, 28. Section 541.060(a)(3) makes "failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim" an unfair settlement practice. However, Plaintiff's First Amended Complaint only provides a conclusory restatement of the statute and no facts addressing what it alleges to be unreasonable, missing, or inadequate about Tri-State's explanation of coverage. Plaintiff's disagreement and dissatisfaction with the explanation of Tri-State's decision and the amount of damages paid does not violate Section 541.060(a)(3); therefore, the Court should dismiss this claim. Additionally, Plaintiff has pleaded that Tri-State violated Section 541.060(a)(3) by "misrepresent[ing] its explanation for why full payment was not being made." Dkt. 1-6 at ¶ 15. Thus, Plaintiff's pleading must meet the specificity requirements of Rule 9(b). However, Plaintiff again does not plead the specifics of its claims of misrepresentations. Therefore, this claim must be dismissed.

Plaintiff alleges Tri-State violated Section 541.060(a)(7), alleging that Tri-State performed an "outcome-oriented investigation." Dkt. 1-6 at ¶ 16. Section 541.060(a)(7) prohibits the "[refusal] to pay a claim without conducting a reasonable investigation with respect to the claim." Plaintiff fails to state a claim for which relief may be granted because Plaintiff fails to allege facts supporting this cause of action. Plaintiff fails to explain why the investigation was unreasonable, other than its apparent dissatisfaction with the outcome. *See Alexander v. State Farm Lloyds*, No. 4:12-CV-490, 2012 U.S. Dist. LEXIS 104365, at *24-25 (S.D. Tex. July 25, 2012) ("Plaintiff

alleges only that Defendants . . . failed to reasonably investigate Plaintiff's claim by inadequately quantifying the damage to Plaintiff's property. Plaintiff fails to offer any specific factual allegations as to what Defendants . . . did, how their investigation was defective, or examples of damages that Defendants failed to account for."). Therefore, Plaintiff's conclusory allegations fail to demonstrate Tri-State's investigation was unreasonable, and Plaintiff fails to state a claim upon which relief can be granted.

In summary, Plaintiff wholly fails to "plead factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiff has made no such showing with regard to Tri-State's alleged violations of Chapter 541 of the Texas Insurance Code. Therefore, the Court should dismiss these claims.

**F. Plaintiff fails to state a claim against Tri-State upon which relief can be granted for breach of the common law duty of good faith and fair dealing.**

Plaintiff alleges that Tri-State has breached its duty of good faith and fair dealing because it has refused to Plaintiff the amount Plaintiff believes it is owed. Dkt. 1-6 at ¶¶ 19, 31-32. In Texas, a plaintiff must establish (1) the absence of a reasonable basis for denying or delaying payment of the benefits of the policy; and (2) that the carrier knew or should have known that there was not a reasonable basis for denying the claim or delaying payment of the claim. *Howley v. Bankers Standard Ins. Co.*, No. 20-10940, 2022 U.S. App. LEXIS 5137, at *6 (5th Cir. Feb. 25, 2022). Plaintiff, however, fails to plead any facts showing that Tri-State did not have a reasonable basis for denying Plaintiff's claim or when Tri-State knew or should have known there was no reasonable basis for denial. Simply pleading claims under the Texas Insurance Code and common law duty of good faith and fair dealing does not convert what is otherwise a coverage dispute into a bad faith claim. In fact, case law is replete with observations by the Texas Supreme Court, all

fourteen Texas Courts of Appeals, the Fifth Circuit, and each of the four federal districts in Texas that "evidence that merely shows a bona fide dispute about the insurer's liability on the contract does not rise to the level of bad faith." *See, e.g., Universe Life Ins. Co. v. Giles*, 950 SW.2d 48, 67 (Tex. 1997) (Enoch, J., concurring) (collecting cases); *JM Walker LLC v. Acadia Ins. Co.*, 356 Fed. Appx. 744, 747 (5th Cir. 2009); *Weidner v. Nationwide Prop. & Cas. Ins. Co*., 2014 U.S. Dist. LEXIS 116036 at *20 (E.D. Tex. June 9, 2014), *report and recommendation adopted*, 2014 U.S. Dist. LEXIS 114814 (E.D. Tex. Aug. 19, 2014); *State Farm Lloyds v. Hamilton*, 265 S.W.3d 725, 734 (Tex. App.—Dallas 2008, pet. dism'd); *Allstate Tex. Lloyds v. Mason*, 123 S.W.3d 690, 704 (Tex. App.—Fort Worth 2003, no pet.). Accordingly, the Court should dismiss Plaintiff's common law bad faith claim.

## III. CONCLUSION

Plaintiff's First Amended Complaint is merely a formulaic recitation of the elements of the causes of action it pleads, and this "will not do." *Cavazos*, 2016 U.S. Dist. LEXIS 151769 at *3. Plaintiff fails to satisfy the federal pleading standards and merely offers naked assertions that lack a factual basis upon which the Court could reasonably infer liability on the part of Tri-State. *See Merritt Hawkins*, 948 F. Supp. 2d at 675. Moreover, Plaintiff failed to plead sufficient facts for the Court to assume are true and determine if they "plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 678-79. For these reasons, Plaintiff's claims against Tri-State should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Tri-State respectfully requests dismissal of Plaintiff's claims against Defendant and for any such other further relief to which it is justly entitled.

Respectfully submitted,

*/s/Jennifer G. Martin*
Jennifer G. Martin (TSBN 00794233)
jennifer.martin@wilsonelser.com
Sandra E. Illmer (TSBN 10388375)
sandy.illmer@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
901 Main Street, Suite 4800
Dallas, TX 75202-3758
Telephone: (214) 698-8000
Facsimile: (214) 698-1101

**ATTORNEYS FOR DEFENDANT TRI-STATE INSURANCE COMPANY OF MINNESOTA**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to counsel of record in accordance with the Federal Rules of Civil Procedure, on this 27th day of July 2023.

*/s/Jennifer G. Martin*
JENNIFER G. MARTIN